# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case Nos.  CV 16-6646 JGB (SS)<br>CV 17-5351-JGB (SS) | Date: December 19, 2017<br>Page 1 of 3 |

Titles: <u>Christian O. Eguilos v. Norwalk Superior Court</u>
<u>Christian O. Eguilos v. Joe Lizarraga</u>

---

DOCKET ENTRY: **ORDER (1) DIRECTING DEPUTY CLERK TO FILE PETITION ERRONEOUSLY FILED IN CV 17-5351 JGB (SS) AS FIRST AMENDED PETITION IN CV 16-6646 JGB (SS); AND (2) CLOSING CV 17-5351 JGB (SS) AS OPENED IN ERROR**

---

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:    ATTORNEYS PRESENT FOR RESPONDENT:

    None Present                                             None Present

**PROCEEDINGS: (IN CHAMBERS)**

Effective July 7, 2016, Christian O. Eguilos, ("Petitioner"), a California state prisoner proceeding <u>pro se</u>, constructively filed a Petition for Writ of Habeas Corpus appearing to challenge a September 2015 conviction in the Los Angeles County Superior Court.[1] (CV 16-6646 JGB (SS), "2016 Petition," Dkt. No. 1, at 1-2).

On September 28, 2016, the Court dismissed the 2016 Petition with leave to amend pursuant to Federal Rule of Civil Procedure 8 because it was impermissibly vague. (<u>Id.</u>,

---

[1] Under the "mailbox rule," a pleading filed by a <u>pro se</u> prisoner is deemed filed on the date the prisoner delivers it to prison authorities for mailing. <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1201 (9th Cir. 2003). Here, the Court used the date on the Petition's Proof of Service as the constructive filing date. (Petition at 7).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case Nos. CV 16-6646 JGB (SS)<br>CV 17-5351-JGB (SS) | Date: December 19, 2017<br>Page 2 of 3 |

Title: <u>Christian O. Eguilos v. Norwalk Superior Court</u>
<u>Christian O. Eguilos v. Joe Lizarraga</u>

Dkt. No. 4, at 4). The Court subsequently rejected two attempted filings by Petitioner, one because the document lacked a case number, (<u>Id.</u>, Dkt. No. 5), and the other because it was unclear what Petitioner was trying to file and the document appeared incomplete. (<u>Id.</u>, Dkt. No. 6).

Because Petitioner did not file a First Amended Petition as required by the Court's Order, on May 5, 2017, the Court issued a Report and Recommendation recommending that the 2016 Petition be dismissed for Petitioner's failure to prosecute and obey court orders. (<u>Id.</u>, Dkt. No. 8). Petitioner did not file Objections to the Report and Recommendation. However, on May 22, 2017, Petitioner filed a premature "Application For Certificate Of Appealability." (<u>Id.</u>, Dkt. No. 9).

The Court construed Petitioner's Application for Certificate of Appealability to indicate that Petitioner still wished to pursue the 2016 action. Accordingly, on June 21, 2017, the Court vacated the Report and Recommendation and granted Petitioner a "final extension of time," until July 5, 2017, to file a First Amended Petition. (<u>Id.</u>, Dkt. No. 9, at 2-3).

On June 26, 2017, Petitioner filed a habeas petition ("2017 Petition") without a case number, which the Court docketed as a new habeas case on July 20, 2017, despite certain irregularities. (CV 17-5351 JGB (SS), Dkt. No. 1). Among the irregularities, the caption page was titled "First Amended Petition," which suggested that Petitioner may have intended to file the 2017 Petition as an amended petition in the 2016 action. (2017 Petition at 1). Moreover, the 2017 Petition challenged the same September 25, 2015, conviction as the 2016 Petition. (<u>Id.</u>). However, the caption page of the 2017 Petition also listed the 2016 Petition as a "previously filed" matter, which conversely suggested that Petitioner intended for the 2017 Petition to open a new case. (<u>Id.</u>). Petitioner also filed with the 2017 Petition a consent to Magistrate Judge jurisdiction form pursuant to 28 U.S.C. § 636(c) and an IFP application, which similarly reflected an intent to open a new case.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case Nos. CV 16-6646 JGB (SS)<br>CV 17-5351-JGB (SS) | Date: December 19, 2017<br>Page 3 of 3 |

Title: Christian O. Eguilos v. Norwalk Superior Court
Christian O. Eguilos v. Joe Lizarraga

  Noting these irregularities in the 2017 Petition, the Court issued an order on July 28, 2017, directing Petitioner to clarify whether he intended the 2017 Petition to serve as an amended petition in the 2016 case or to initiate a new, potentially successive habeas action. (Id., Dkt. No. 5). Petitioner subsequently responded in a letter to the Court on August 18, 2017, followed by another letter on September 8, 2017, in which he stated that he "pick[ed] [the 2017 Petition] as a first amended petition in the 2016 action." (Id., Dkt. Nos. 7, 9). The Court rejected and returned both of these submissions, however, because they violated the Court's Local Rules, which prohibit sending letters to the judge and require Court filings to contain the litigant's name, address, phone, facsimile numbers and e-mail address. (Id.).

  Upon further consideration of Petitioner's filings and his pro se status, the Court concludes that the 2017 Petition should be filed as Petitioner's First Amended Petition in his 2016 habeas case. Therefore, the Clerk is DIRECTED to (1) file Petitioner's 2017 Petition (CV 17-5351, Dkt. No. 1) as a First Amended Petition in the 2016 case, CV 16-6646 JGB (SS); and (2) close Petitioner's 2017 habeas case, CV 17-5351 JGB (SS), because it was opened in error.

  IT IS SO ORDERED.